IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SHANNON NEELY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. 4:18cv00518-JJV |
| | * | |
| NANCY A. BERRYHILL, | * | |
| Acting Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Shannon Neely, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed that Plaintiff could perform despite his impairments. (Tr. 152-168.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence; therefore, Plaintiff's Complaint is DISMISSED.

Plaintiff was forty-nine years old at the time of the administrative hearing. (Tr. 176.) He testified he finished the twelfth grade in school. (Tr. 158, 177.) Mr. Neely previously worked as a Tuber Machine Operator. (Tr.166-167.)

The ALJ[1] found Mr. Neely had not engaged in substantial gainful activity since June 30, 2011. (Tr. 155, 158, 177.) The ALJ next determined Mr. Neely has "severe" impairments in the form of "degenerative disc disease of his lumbar spine; osteoarthritis; hypertension; type II diabetes mellitus; diabetic neuropathy; sleep apnea; and obesity." (Tr. 155.) The ALJ further found Mr. Neely did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 156-157.) The ALJ determined Mr. Neely had the residual functional capacity to perform "light work," however, could not engage in activities that involved "climb[ing] ladders, ropes, or scaffolds." (Tr. 157.) The ALJ further determined that Mr. Neely could "occasionally climb ramp/stairs, balance, stoop, kneel, crouch and crawl," but could not perform "any required lower extremity foot control

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).
[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

operation duties. (*Id.*) Based on his residual functional capacity assessment, the ALJ concluded Mr. Neely could no longer engage in his past relevant work as a Tube Machine Operator. (Tr. 166.) However, considering Mr. Neely's age, education, work experience, and residual functional capacity, the ALJ determined that there were existing jobs in significant numbers in the national economy that Mr. Neely could perform. (Tr. 167.) Accordingly, the ALJ determined Mr. Neely was not disabled. (Tr. 168.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-148.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his complaint, Mr. Neely raises the following arguments: (1) The ALJ's residual functional capacity assessment was not supported by substantial evidence; (2) the ALJ erred in his assessment of Mr. Neely's credibility; (3) the ALJ failed to consider Mr. Neely's impairments in combination; (4) the hypothetical questions posed to the Vocational Expert were flawed; (5) the ALJ failed to follow the treating physician rule regarding Ron Fewell, M.D.; and (6) the ALJ failed to develop the record. (Doc. No. 11 at 4-10.)

Most of Mr. Neely's arguments tie into the ALJ's residual functional capacity assessment and his assessment of a claimant's subjective symptoms. (*Id.* at 15-17.)

The ALJ analyzed Mr. Neely's symptoms in light of Social Security Ruling 96-8p. (Tr. 161-166.) That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;

> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Plaintiff clearly suffers from some limitation given his impairments. And his counsel has done an admirable job advocating for Mr. Neely's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ concluded, "Based on the entire record, including the testimony of the claimant, the undersigned concludes the evidence fails to support the claimant's assertions of total disability." (Tr. 23.) He based his conclusion, in part, on Mr. Neely's activities of daily living, including:

> The overall nature and severity of the claimant's impairments have not been as severe, debilitating and/or resistant to improvement with medical treatment intervention as alleged by the claimant. It must be emphasized that the administrative law judge is bound by the Social Security Act and applicable regulations in reaching a final conclusion on the issue of disability.

> The fact that the claimant may have some level of pain and fatigue associated with osteoarthritis, degenerative disc disease, hypertension, diabetes mellitus, peripheral neuropathy, sleep apnea, and obesity was given due consideration by the undersigned in reaching the finding that the claimant would be limited to work at the light level of physical exertion with additional postural limitations.
>
> Upon careful consideration, the Administrative Law Judge finds that the evidence established that the claimant, despite his impairments, has adequate limb function, mobility and range of motion and his activities of daily living are not unduly restricted. His physical symptoms, limitations and/or restrictions do not preclude hi[m] from the performance of all work activity.

(Tr. 166.)

The ALJ's above assessment is consistent with the overall medical evidence of record. For example, Norman R. Pledger, M.D. completed a General Physical Examination on May 30, 2012. Dr. Pledger's findings are consistent with the ALJ's residual functional capacity assessment. (Tr. 442-446.) Dr. Pledger noted that Mr. Neely probably could not stand or walk for long periods of time and probably could not bend, stoop or lift. (Tr. 446.) The ALJ stated he gave "some weight" to Dr. Pledger's assessment but his residual functional capacity assessment is consistent with the findings of Dr. Pledger. (Tr. 157, 166.)

The ALJ gave little weight to the opinion of Plaintiff's treating doctor, Ronald D. Fewell, M.D. Dr. Fewell wrote a letter dated April 12, 2012, "to verify that Shannon Neely is totally and permanently disabled." (Tr. 432.) Dr. Fewell states Mr. Neely "has great difficulty walking more than 100 feet or standing due to his gout and lumbar pain." (*Id.*) More recently, on December 7, 2017, Dr. Fewell provided "Medical Source Statement of Ability to Do Work- Related Activities (Physical)." (Tr. 561-566.) The ALJ stated, "While Dr. Fewell has a long history of treatment with the claimant, his opinions seemed very conclusory, vague, and inconsistent with his treatment records. . . . Dr. Fewell apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of

5

what the claimant reported." (Tr. 165-166.)

Plaintiff is correct that his treating doctor should generally be given deference. But after a close review of the record, I find the ALJ could properly discount this opinion.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Given the overall evidence of record, the ALJ had fair reasons to discount his treating physician. Dr. Fewell's April 2012 letter seems even at odds with his more thorough Medical Source Statement. His letter declares dramatic limitations whereas his Medical Source Statement, while still showing Plaintiff was limited, reveals significantly more ability. (Tr. 563-565.) Given the inconsistency between the two, the ALJ could fairly discount Dr. Fewell's statements. More significantly, Mr. Neely's day-to-day activities - such as driving his daughter to school, attending to his own personal care needs, ironing clothes, online shopping by phone, handling money, preparing meals, and staying in touch with friends and loved ones online - support the ALJ's conclusion he was capable of performing a reduced range of light work. (Tr. 156, 159, 177, 186-186, 380-387.)

The ALJ also noted Mr. Neely failed to comply with his medication and failed to follow up with his doctor for periods of time. (Tr. 164.) As the ALJ correctly stated, failure to follow a

prescribed course of remediable treatment without good reason is grounds for denying an application for benefits. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997).

Plaintiff argues the ALJ failed to develop the record. Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was sufficient upon which to make an informed decision. Moreover, Plaintiff is reminded he had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) an additional "consultative examination" suggests it is of only minor importance. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

I am sympathetic to Mr. Neely's claims. Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision. I agree with the Commissioner that Plaintiff has simply not met his burden of proving he is disabled. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Plaintiff has advanced other arguments that I find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the

ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 18th day of March 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE